M. HASHIGUCHI *v.* H. NAGASAWA AND H. OKA, DEFENDANTS, YOUNG MEN'S CHRISTIAN ASSOCIATION, GARNISHEE.

No. 1855.

ARGUED MAY 9, 1929.                    DECIDED MAY 15, 1929.

PERRY, C. J., BANKS, J., AND CIRCUIT JUDGE WATSON IN PLACE OF PARSONS, J., ABSENT.

OPINION OF THE COURT BY BANKS, J.

M. Hashiguchi was the sole owner of a shoe store in Honolulu which he conducted under the trade name of "Hashiguchi Shoe Store." Finding himself in financial difficulties he, with the consent of his creditors, employed and appointed Hachiro Nagasawa and Hokichi Oka his agents, to have the exclusive management and control of his store and all business connected therewith for a period of three years. The employment and appointment was in writing and was dated February 17, 1925. The parties to the instrument were Hashiguchi, designated as party of the first part, and Nagasawa and Oka, designated as parties of the second part, and three other persons, designated as the "committee." The powers conferred upon Nagasawa and Oka, so far as the management of the business was concerned, were thus expressed: "That the said first party hereby employs and engages the second parties to have full management and control of the said Hashiguchi Shoe Store and all business in connection therewith with full power, without interruption by the first party, to manage, control and conduct said business for a period of three (3) years from the date hereof." There is nothing in the record which indicates that Nagasawa and Oka had any personal interest in the business as creditors or otherwise. Under the agreement they were to receive such compensation for their services as the "committee" or a majority thereof should think reasonable. On February 20, 1925, a few days after they took over the management of the shoe store, a demand note was executed for the sum of $1000. Riyu Hashiguchi, the wife of M. Hashiguchi, was named as payee and the note was signed "Hashiguchi Shoe Store by H. Nagasawa," and was indorsed by Hokichi Oka. On July 7, 1925, Riyu Hashiguchi, the payee of the note, transferred it to her husband, M. Hashiguchi, the plaintiff herein. The transfer was

made on a separate piece of paper and was as follows: "I hereby assign, transfer and convey unto Morizaemon Hashiguchi the principal and interest of this note; therefore Morizaemon Hashiguchi shall receive the interest and principal of said note at any time." On August 18, 1925, which was after the transfer, $100 was paid to Hashiguchi, on the note, by Nagasawa, and according to Hashiguchi's testimony Nagasawa agreed to pay $100 a month thereafter until the note was paid in full.

The complaint contains two counts. The first count is on the note itself and the second count is as follows: "That heretofore and on, to-wit, the 18th day of August, A. D. 1925, the defendants above named, being indebted to plaintiff's assignor, Riyu Hashiguchi, in the sum of one thousand dollars ($1000.00), together with interest from the 20th day of February, A. D. 1925, in consideration of the release of the said defendants by said plaintiff's assignor, did, at Honolulu, City and County of Honolulu, Territory of Hawaii, covenant and agree with plaintiff on the day aforesaid to pay to said plaintiff the sum of one thousand dollars ($1000.00), with interest as aforesaid and a reasonable attorney's fee, when thereto afterwards requested, but although often requested defendants have refused and still refuse to pay the same and neither the whole nor any part thereof has ever been paid, excepting the sum of $100.00 on March 27, 1925, the sum of $10.00 on March — 1925 as interest, and the sum of $100.00 on August 18, 1925, to the damage of plaintiff in the sum of $800.00, together with interest, costs and attorney's commissions and fees."

The circuit court, hearing the case without a jury, held that Oka was not liable under either count and he was dismissed. Inasmuch as the plaintiff took no exception to this it is not necessary for us to review the court's decision on this point. A decision was rendered, however,

in favor of the complainant and against Nagasawa and a judgment was accordingly entered. Nagasawa brings the case here on exceptions.

It is obvious that Hashiguchi cannot recover against Nagasawa on the first count of the complaint. The note was not signed by Nagasawa in his individual capacity but was signed "Hashiguchi Shoe Store by H. Nagasawa." The powers conferred upon Nagasawa and Oka by the written instrument dated February 17 are very broad and it is not questioned that under them Nagasawa had ample authority to execute promissory notes for the payment of money borrowed for the conduct of the business he was employed to manage. Moreover, the undisputed evidence shows that the $1000 which Nagasawa received was used solely for the business which Hashiguchi owned and that none of it was used by him for his own purposes. The obligation therefore, if there was any legal obligation at all, was that of Hashiguchi, the principal, and not that of Nagasawa, the agent. The note, therefore, having been transferred by the payee to the person who in contemplation of law executed it, Hashiguchi, the plaintiff, was, so far as the first count of the complaint is concerned, in the anomalous position of a principal attempting to recover from his agent on a note which he himself had signed and upon which, if anyone was liable, it was he alone. In other words, he brought a suit against himself. This, of course, is *reductio ad absurdum.*

So far as the second count is concerned the plaintiff is in no better position than he is under the first count. The basis of the cause of action attempted to be stated in the second count is that Nagasawa and Oka were indebted to Riyu Hashiguchi and that in consideration of her release of them from such indebtedness they, on August 18, 1925 (the day Nagasawa paid $100 on the note to Hashiguchi), agreed with Hashiguchi to pay this

indebtedness to him. But the premise upon which the second count is founded (as we have already seen) was not supported by the evidence. Nagasawa and Oka were never indebted to Riyu Hashiguchi. When, therefore, Riyu transferred the note and the indebtedness of which it was *prima facie* evidence to her husband she did not transfer Nagasawa's obligation to her but transferred her husband's (the transferee's) obligation to her. There was no obligation from which to release Nagasawa and the allegation of the consideration for the transfer, contained in the second count, failed for the want of proof.

The exceptions are sustained, the judgment is set aside and the case remanded to the circuit court with instructions to enter judgment in favor of defendant Nagasawa.

*F. Schnack* (*Schnack & Tracy* on the briefs) for plaintiff.

*W. B. Pittman* (also on the briefs) for defendant Nagasawa.